LOTTINGER, Judge.
This is a workmen’s compensation proceeding wherein the plaintiff seeks benefits at the maximum rate for total permanent disability together with medical expenses, penalty and attorney fees. The petition, filed on October 23, 1959 alleges that the plaintiff was injured on May 27, 1955, *660 when he sustained a right direct inguinal hernia for which surgery was performed on June 7, 1955. It is further alleged that he remained on the employer’s payroll doing nothing but light work from the date of the accident until May 16, 1958, at which time he was discharged without the benefit of any workmen’s compensation whatever.
The matter is before us on an appeal taken by the plaintiff from a judgment of the Lower Court which sustained the defendant’s plea of prescription.
LSA-R.S. 23:1209, upon which the plea of prescription is based, reads in part as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall he forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall he forever barred unless the proceedings have been begun within two years from the date of the accident.”
The plaintiff’s position is that the payment of full wages for the light work performed from May 27, 1955, the date of the injury, to May 16, 1958, the date of his discharge constituted wages in lieu of compensation thus interrupting the running of prescription. The plaintiff further urges that he had more than one year from the date of his. discharge within which to file suit for, on the day of the termination of his employment, he .received a lump sum payment of $904.79 which, he argues, constituted a gratuity paid in lieu of compensation to be prorated in order to extend the time for filing suit.
Assuming that the payment of wages was in lieu of compensation, as alleged, we address ourselves to the question of whether the payment of $904.79 on May 16, 1958, constituted a gratuity in lieu of compensation as contended by counsel for plaintiff.
The record reveals that plaintiff had been employed by Ethyl for some seven years prior to his discharge and that he was a member of Local Union 12900 of the United Mine Workers of America whose bargaining representative with the employer was District 50, United Mine Workers of America. The record further reveals that the employer and bargaining .representative negotiated for several weeks prior to the lay-off of May 16, 1958, which negotiations resulted in an agreement between the parties entered into on April 30, 1958, a copy of which was introduced into evidence as Exhibit D-2. The agreement states that in effecting the termination of some 295 employees represented by the Union each employee with one year or more service with the employer would be given an election of receiving or not receiving a severance allowance in an amount of one week’s pay for each completed year of service. Any employee electing to receive the severance allowance would thereby waive any recall or rehire .rights provided for in the seniority provisions of the current collective bargaining agreement whereas those employees electing not to receive the severance allowance would retain the recall .rights provided in the agreement. The plaintiff elected to waive his recall rights and, in accordance with the agreement, received the severance allowance of $904.79.
Under the above set of facts it is patent that the sum so received by plaintiff was not a gratuity paid in lieu of compensa *661 tion. It was simply an amount paid him whereby, at his own election, he surrendered substantial rights with respect to reemployment. To hold otherwise would be to place an entirely different legal effect on the receipt of the sum by plaintiff from the receipt of sums by other employees who made the same election as did he.
Plaintiff finally urges that the act should be liberally construed so as to afford him relief. While we are always disposed towards a liberal interpretation of the act, to do so in this case would plainly do violence to its letter and spirit as well. We might add that we are not struck by any particular equities resting with plaintiff as notice of his alleged injury was actually given his employer by letter of his attorney dated May 30, 19S8, and suit for some unknown reason was not filed until October 23, 19S9, some one year and' five months later.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.
HERGET, J., recused.